HARDIN *v*. ROSS ET AL.

[78 South. 2, Division B.]

MORTGAGES. *Trust deeds. Right to attorney fees.*

Where default was made in the payment of the amount named in a trust deed and the trustee at the request of the beneficiary advertised the land for sale, but before the date fixed for the sale, a third party bought the land covered by the trust deed and tendered to the trustee the amount mentioned in the deed of trust, interest thereon, and the accrued expenses for advertising and the trustee's fees, which the trustee at the instance of the holder of the indebtedness secured, refused to accept but demanded attorney fees in addition. In such case the attorney fees not being mentioned in the trust deed though named in the note evidencing the debt, and the purchaser of the land having no notice of such fees being included in the debt secured, the trustee was wrong in refusing such tender and the purchaser of the land having enjoined the sale by the trustee, the beneficiary could not recover attorney fees for defending such suit since their wrong caused the litigation and the attorney's fee, all of which was unnecessary.

APPEAL from the chancery court of Calhoun county. HON. J. G. MCGOWEN, Chancellor.

Suit by W. H. Hardin and another against J. F. Ross and another. From the judgment rendered, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Dunn & Patterson,* for appellants.

The contention of the appellants is: First, that having elected to foreclose *in pais* that attorney's

fees were not allowable.    Authority:    *Turberville* v. *Simpson,* 47 So. 784, predicated on authority of *Tompkins* v. *Drennan* (Alabama), 10 So. 638, which last please read carefully;    second, attorney's fee was not allowable even on the dissolution of the injunction, because it is expressly provided, section 623, as to what damages were allowable to wit: five per cent. and attorney's fee was not mentioned among them, it being simply a case of five per cent. damages;    third, this decree gives statutory damages and attorney's fees;    fourth, in view of the fact of the unwarranted and almost criminal interference on the part of Ross with the attempts of Caldwell to sell his land as shown by his testimony, as well as the testimony of the witness, Seales, that the allowance of attorney's fees and damages in this case should not be permitted by a court of conscience; fifth, he was tendered before suit in equity the full amount of his demand, and he refused to accept it.    He was tendered again after he had joined issue and denied the allegations of the bill and again refused to accept it;    sixth, it was not so much the question of tender as the question of the right to demand an attorney's fee, in view of all the facts and circumstances of the case.

*H. H. Creekmore* and *W. J. Evans,* for appellee.

I quote from appellants' brief as follows: "It will thus be seen that the sole issue in controversy is as to the question of the allowance of attorney's fee." Accepting the issue as thus defined by appellant, and I am sure there could be no other issue, I shall address my argument solely to this point. The cases cited in appellants' brief, I respectfully submit, are not applicable in the case at bar.

In this case the question is not one of the allowance of trustee's fees and attorney's fees both, nor is this

a case where the property embraced in the deed of trust is personal property in which title and a proper record thereof is not important, nor is this a case where all that was done was to advertise and sell under the provisions of the deed of trust. In this case there was litigation and a decree of foreclosure by a chancery court, all while there was no tender. The tender made prior to the filing of the bill was ineffectual, because it was not kept good and no benefit thereunder can be claimed since the money was not produced and placed in the custody of the court so that it might be awarded to the proper party, until the trial was in progress. *Smith* v. *Williams-Brook Company*, 71 So. 648.

That counsel fees provided for in a note may be collected is well settled in Mississippi. *Gulport, etc., Company* v. *Augur*, 48 So. 722; *Bank of Duncan* v. *Brittain*, 46 So. 163.

In the case at bar the proceeding originally was *in pais* and afterwards was a proceeding in chancery for foreclosure, and we think the attorney's fee is due in this case, regardless of whether it was due prior to the institution of the injunction suit.

Some point is made by appellants because the record of the deed of trust did not show that the note provided for attorney's fees. It certainly was sufficient to put them on inquiry and certainly they knew when they filed their injunction bill that the note provided for attorney's fees.

Believing that the decree of the lower court is correct and is supported by the facts and the law we respectfully submit that this case should be affirmed and since it is an appeal from a money judgment, the decree here should be five per cent. damages in addition to the principal and interest on the original judgment, against the appellants and the sureties on their appeal bond.

COOK, P. J., delivered the opinion of the court.

We think that appellants state the narrow and sole question in this case. The only question is whether or not the defendants, appellees here, were entitled to demand attorney's fees, in addition to the debt described in the deed of trust, interest thereon, and matured expenses at the time the tender was made.

The facts are about as follows: On the 6th day of January, 1915, one L. R. Caldwell and his wife executed a deed of trust on certain lands in Calhoun county to secure an indebtedness due to one P. M. Barton; the indebtedness as described in the deed of trust of record being "the sum of fifteen hundred seventy-four and forty hundredths dollars, due the 6th day of January, 1916."

Default was made in the payment of the indebtedness mentioned, and the trustee, at the request of the beneficiary, advertised the land for sale. Before the date fixed for the sale of the land appellants bought the land described in the deed of trust from the owners thereof, and tendered to the trustee the amount mentioned in the deed of trust, interest thereon, and the accrued expenses for advertising, and the trustee's fees.

The trustee, at the instance of the then holders of the indebtedness, declined to accept the tender. Whereupon the trustee resigned, and a substituted trustee was appointed by the holders of the indebtedness, and the land was again advertised for sale. Appellants then filed their bill of complaint setting up the facts as stated, and stating further that the land would be sold if the same was not enjoined by the court, and stating that the trustee refused to accept the amount of the indebtedness described in the trust deed, but demanded one hundred and sixty dollars more by way of attorney fees. The injunction was granted, and at the hearing, upon bill, answer, and proof, the chancellor dissolved the injunction and dismissed the bill.

Looking through the entire record, the sole difference between the opposing parties was an attorney's fee. Although this does not appear in the deed of trust, it was proven that the indebtedness intended to be secured by the deed of trust was represented by a promissory note, which contained the usual provision for an attorney's fee.

The appellants when they bought the land did so with the knowledge that they bought subject to the deed of trust of record. The debt was described, but no mention was made of a note, with a provision for an attorney's fee; in fact, it does not appear that there was a note.

Appellees contend that they were certainly entitled to an attorney's fee, because they were compelled to defend the injunction suit. The answer to that seems to be the defendants, when they unconditionally refused to accept the tender of the amount called for by the record, were in the wrong, and when they readvertised the land and still refused to accept the tender they thereby accentuated the original wrong.

Appellees were only entitled to the debt described in the deed of trust, and whatever costs they had incurred in advertising the land for sale, and when they refused to accept that, they created the litigation and created the attorney's fee, all of which was unnecessary.

*Reversed and remanded.*